■ (A) In the Matter of the Estate of SIMON J. HEIGMAN, Also Known as JOHN HEIGMAN, Deceased. AGNES MACSTAY; MARY A. HEIGMAN et al. (B) ASIATIC PETROLEUM CORPORATION v. OVERSEAS INVESTORS, INC.— [In each action] Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before January 3, 1961, with notice of argument for the February 1961 Term of this court, said appeal to be argued or submitted when reached. Concur— Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

## (December 2, 1960)

■ In the Matter of LA BELLE CREOLE INTERNATIONAL, S. A., Appellant, v. ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Respondent.— Order, entered on November 10, 1960, denying petitioner's motion to vacate a subpœna duces tecum unanimously reversed, on the law, with $20 costs and disbursements to petitioner-appellant, and the motion granted, without prejudice to the bringing of any other appropriate proceeding. The record made by respondent is wholly insufficient to justify the occasion for, or the scope of, the subpœna issued. That deficiency may not be cured by the statements contained in respondent's brief. If respondent did not have sufficient time to make an adequate record upon the return day of petitioner's motion there are appropriate measures that could have been taken to obtain additional time. Moreover, but for the fact that petitioner did not interpose a special appearance, the subpœna must have been vacated for absence in the record of any evidence to establish that petitioner, a foreign corporation, is doing business or is present within the State of New York. Concur— Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.